UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ANDREW R. RONDOMANSKI, | ) | |
| On Behalf of Himself and | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:11-cv-00887-GAF |
| | ) | |
| MIDWEST DIVISION, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

NOTICE OF SETTLEMENT OF CLASS AND COLLECTIVE
ACTION WAGE AND HOUR CLAIMS AND HEARING

**PLEASE READ CAREFULLY**

**Why is this notice being sent and what is this case about?**

This notice is to inform you of (1) the preliminary certification of a class action in the case entitled *Rondomanski, et al. v. Midwest Division, Inc., et al.* (the "Litigation") pending in the United States District Court for the Western District of Missouri, Western Division, (2) the settlement of the Litigation, and (3) the scheduling of a court hearing for the final approval of the settlement of the Litigation. The Plaintiff alleges that he and other current and former employees of Centerpoint Medical Center of Independence, LLC ("Centerpoint" and, together with Midwest Division, Inc., "Defendants") who were employed as non-exempt employees at Centerpoint at any time from August 16, 2009 through August 16, 2012 (the "Settlement Class") have not been properly compensated for work-related activities performed prior to their scheduled shift time, after their scheduled shift time, and, and/or during lunch breaks. Plaintiff seeks unpaid compensation and liquidated damages on behalf of himself and the Settlement Class. Centerpoint denies Plaintiff's allegations in their entirety and assert that their pay practices with respect to the Centerpoint employees comply with all legal requirements.[1]

The Parties engaged in extensive settlement discussions before a neutral third-party mediator. As a result of these settlement negotiations and mediation, the Parties entered into a settlement agreement to settle the claims raised by the Plaintiff on behalf of himself and the Settlement Class (the "Settlement Agreement").

The Court has granted preliminary approval of the settlement and has scheduled a hearing on at __ _____ a.m./p.m. on _____, 2013, at the United States District Court, Western District of Missouri, Charles Evans Whittaker Courthouse, 400 East 9th Street Kansas City, Missouri 64106 to determine whether to grant final approval.

---

[1] Midwest Division, Inc. also denies plaintiff's allegations in their entirety and further states that it never employed Plaintiff or any member of the Settlement Class.

**Who is affected by the proposed settlement?**

The parties proposed settlement affects the Settlement Class. You are receiving this notice because you belong to this group, which consists of all persons who were employed as non-exempt employees at Centerpoint at any time from August 16, 2009 through August 16, 2012

**What are the terms of the proposed settlement?**

In consideration for settlement and a release of all wage and hour claims of the Settlement Class against Defendants as set forth below, Defendants agree to make payments to members of the Settlement Class who do not submit a timely or valid request to exclude themselves from the Settlement Class (the "Claimants").

Under the Settlement Agreement, Defendants will set aside the aggregate amount of $155,000, upon preliminary approval of the settlement, for purposes of paying certain settlement obligations pursuant to the Settlement Agreement. The aggregate settlement amount is designed to cover all payments to the Settlement Class, as well as (1) attorneys' fees and litigation costs incurred by the attorneys representing Plaintiff ("Class Counsel") (not to exceed thirty-three percent of $155,000, minus costs), (2) an enhancement payment of $4,000 to Plaintiff, who initiated this Litigation, took a lead role in it, and assisted in its resolution, (3) an enhancement payment of $500 to the five opt-in plaintiffs who assisted in its resolution, and (4) the cost of administration of claims. Any amounts remaining from the aggregate settlement amount, due to uncashed checks, shall be retained by Defendants.

Each Claimant will receive a payment ("Settlement Check") based on the following:

(a) For each week worked as a non-exempt employee at Centerpoint between August 16, 2009 through August 16, 2012, such Claimant will receive $_____; and

(b) As a condition of receiving a payment, by cashing their settlement check, which will include a full release on the back of the check, each Claimant agrees to fully release all wage and hour claims they may have against Defendants between August 16, 2009 and the date of final approval of the Settlement Agreement.

Each Claimant's Settlement Check will include (1) a "Settlement Wage Payment" totaling 50% of the Settlement Check, which shall be considered wages for tax purposes and shall be less the share of payroll taxes applicable to payment of such wages, and (2) a "Settlement Liquidated Recovery Payment" totaling 50% of the Settlement Check, which shall not be subject to tax withholding or other deductions.

Centerpoint will issue each Claimant a W-2 for the Settlement Wage Payment portion of the Settlement Check, and the Settlement Administrator will issue each Claimant a IRS Form 1099 for the Settlement Liquidated Recovery Payment portion of the Settlement Check.

**How much will I get if I participate in the settlement?**

Centerpoint's records show that you were employed as a non-exempt employees at Centerpoint at some time from August 16, 2009 through August 16, 2012. The amount you will receive, before deducting taxes, shall be approximately $_____. This amount is based on the Defendants' records which reflect that you worked _____ weeks between _____.

### What claims are being released as part of this settlement?

In order to participate in the settlement, you will be required to release certain claims.

Except as to such rights or claims as may be created by the Settlement Agreement, all members of the Settlement Class fully release, and discharge Defendants and all past, present and future direct and indirect parents, affiliates, subsidiaries; divisions, predecessors, successors, partners, joint venturers, affiliated organizations, shareholders, insurers, reinsureds and assigns, and each of its past, present, and future officers, commissioners, directors, members, trustees, agents, employees, attorneys, contractors, representatives, benefits plan sponsored or administered by Defendants, divisions, units, branches, and any other persons or entities acting on their behalf, from any and all claims, debts, liabilities; demands, obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were alleged or that reasonably could have arisen out of the same facts alleged in the Litigation, including but not limited to any claims under federal or state law for unpaid wages, unpaid overtime, liquidated damages, punitive damages, unlawful deductions from wages, miscalculation of wage rates, record-keeping violations, unjust enrichment, breach of implied or express contracts, retaliation, quantum meruit, and promissory estoppel up to the date of final approval of the settlement agreement. This Release shall include, without limitation, claims that were raised, or that could have been raised, under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and the Missouri Minimum Wage Law, Mo. Rev. Stat, § 290.500 et seq.

### Who represents the Parties?

| **CLASS COUNSEL** | **DEFENDANTS' COUNSEL** |
|---|---|
| C. Jason Brown | Catesby Major |
| Jayson Watkins | BRYAN CAVE LLP |
| BROWN & ASSOCIATES | 3500 One Kansas City Place |
| 301 S. US 169 Highway | 1200 Main Street |
| Gower, Missouri 64454 | Kansas City, Missouri 64105 |
| Tel: 816-505-4529 | |
| Fax: 816-424-1337 | |
| brown@brownandwatkins.com | |
| watkins@brownandwatkins.com | |

### How will the attorneys for the Class be paid?

Class Counsel's will be paid from the settlement recovery. Class Counsel will submit a petition to the Court for their attorneys' fees in an amount not to exceed ($_____), which is equivalent to 33% of the total settlement proceeds less costs. Defendants will not oppose such fee petition. Said Motion for Attorneys' Fees will be a public document and members of the Settlement Class may obtain a copy of the Motion for Attorneys' Fees from the United States District Court, Western District of Missouri, Charles Evans Whittaker Courthouse, 400 East 9th Street Kansas City, Missouri 64106. The Motion for Attorneys' Fees will be filed by no later than [DATE]. The actual amount awarded will be determined by the Court to ensure that the amount of attorneys' fees is reasonable. Defendants will only pay Class Counsel the actual amount of fees awarded by the Court.

**What are my options?**

You have four options with regard to this Settlement. You can: (1) participate in the settlement by doing nothing; (2) request to be excluded from the settlement; (3) dispute the amount of your payment as stated above; or (4) object to the settlement. You may object to the settlement, dispute the amount of your payment, and/or participate in the settlement so long as you do not request to be excluded from the settlement (opt-out). Details about each option and how choosing that option will affect your rights under the law are explained below.

**What if I do nothing?**

If you do not request to exclude yourself from the settlement (opt-out), you will be a member of the Settlement Class and will be deemed to have released federal and state wage and hour claims, as described above. You will receive payment by mail at your last known address.

**What if I choose to object to the settlement?**

You can timely object to the terms of the settlement. However, if the Court approves the settlement over your objection, you will still be bound by the terms of the settlement if you did not request to exclude yourself from the settlement (opt-out). You may both object to the settlement and participate in it, so long as you do not request to exclude yourself from the settlement (opt-out).

Any written objections shall state each specific reason in support of your objection and any legal support for each objection. Your objection must also state the name and case number of this Litigation as stated at the top of this Notice and state your full name, address, date of birth, and the dates of your employment with Centerpoint. To be valid and effective, any objections to approval of the settlement must be filed with the Court by mailing such written objection to Clerk of the Court, United States District Court, Western District of Missouri, Charles Evans Whittaker Courthouse, 400 East 9th Street Kansas City, Missouri 64106 and served by U.S. mail upon each of the above-listed attorneys no later than [DATE – 45 days after the date upon which the Notice is mailed.].

If you file an objection to the terms of this settlement, you may enter an appearance *pro se* (meaning you choose to represent yourself) or through your own attorney. To do so, you must file a notice of appearance with the Clerk of the United States District Court, Western District of Missouri, East 9th Street Kansas City, Missouri 64106 and mail copies to each of the attorneys listed above. Such notice of appearance must be filed with the Court, and delivered to the above attorneys, no later than [DATE – 45 days after the date upon which the Notice is mailed]. You will then continue as a settlement class member either in *propria persona* or with representation by your own attorney, and you will be solely responsible for the fees and costs of your own attorney.

**What if I disagree with Centerpoint's records about the number of weeks I worked during the liability period?**

If you believe in good faith that the number of weeks credited to you is incorrect, you may submit a written, signed declaration by [DATE – 45 days after the date upon which the Notice is mailed],to:

Catesby Major
BRYAN CAVE, LLP
One Kansas City Place
1200 Main Street, Suite 3500
Kansas City, Missouri 64105

4

catesby.major@bryancave.com

No dispute will be timely if postmarked after [DATE – 45 days after the date upon which the Notice is mailed]. Counsel for the parties will attempt to resolve the challenge, and if unable to do so, will submit the challenge to the Court, which will make a final and binding determination without hearing or right of appeal.

You may both dispute the amount of your payment and participate in the settlement, so long as you do not request to exclude yourself from the settlement (opt-out).

**What if I want to exclude myself from or opt-out of the Settlement?**

Any member of the Settlement Class who does not wish to participate in the settlement may exclude themselves (i.e., "opt out") by mailing to BMG Group (the "Settlement Administrator"), **via certified mail,** a written statement expressing his/her desire to be excluded from the Settlement Class, including his/her name (and former names, if any), current address, telephone number, and the dates of his/her employment with Centerpoint. Any such written statement must be postmarked by [DATE – 45 days after the date upon which the Notice is mailed] and sent to the following address:

BMG GROUP
PO Box 2003
Chanhassen MN 55317-2003

Written requests that do not include all required information or that are not received by [DATE – 45 days after the date upon which the Notice is mailed] will be deemed null, void, and ineffective.

Persons who submit valid and timely written requests to opt-out of the Settlement Class will not participate in the Settlement Class and will not be bound by the terms of the Settlement Agreement, if it is approved, or the Final Judgment in this Litigation.

**Who can answer questions regarding the settlement?**

This notice only summarizes this Litigation, the settlement, and related matters. For more information or if you have any questions (including whether you would like to receive a copy of the Settlement Agreement to obtain additional details), you may contact Class Counsel at the addresses and numbers listed above.

**PLEASE DO NOT TELEPHONE THE COURT, DEFENDANTS' COUNSEL, OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT**